IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KENYADA BROOKS**                                                                   **PLAINTIFF**

V.                                                     **CIVIL ACTION NO. 3:20-cv-321-NBB-JMV**

**WAL-MART ASSOCIATES, INC.;**
**WAL-MART STORES; CITY OF OLIVE**
**BRANCH, MISSISSIPPI POLICE**
**DEPARTMENT; AND MAYOR SCOTT**
**PHILLIP**                                                                   **DEFENDANTS**

## **MEMORANDUM OPINION**

This cause comes before the court upon the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Wal-Mart Associates, Inc., and Wal-Mart Stores. The court notes that the proper party is Wal-Mart Stores East, LP, which was erroneously named and served as the aforementioned entities, and the court will refer to the defendant as "Wal-Mart." The plaintiff did not file a response to the defendant's motion. Upon due consideration of the motion and applicable authority, the court is ready to rule.

On December 3, 2020, the plaintiff, Kenyada Brooks, filed this lawsuit, *pro se*, against Wal-Mart and other defendants seeking damages based on an incident occurring on December 16, 2018. According to the complaint, Brooks was arrested for shoplifting by an Olive Branch, Mississippi police officer, but the charges were later dismissed.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"A district court should dismiss for failure to state a claim only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "The complaint must be liberally construed in favor of the plaintiff, and all well-pleaded facts accepted as true." *Id.* "Even if it seems 'almost a certainty to the court that the facts alleged cannot be proved to support the legal claim,' the claim may not be dismissed so long as the complaint states a claim." *Id.* at 376 (quoting *Boudeloche v. Grow Chem. Coatings Corp.*, 728 F.2d 759, 762 (5th Cir. 1984)).

The plaintiff appears to make the following claims against all defendants: (1) "deprivation of rights under color of law," (2) violating plaintiff's "federally protected activities," and (3) allegations that "defendants herein willfully knowing that they violated the plaintiff [sic] constitutional rights of the 42 U.S.C. 1993 (1982)." Even accepting as true the plaintiff's allegations, as the court must under the Rule 12(b)(6) standard, the plaintiff cannot maintain a cause of action against Wal-Mart based on her complaint. The plaintiff fails to provide any meaningful information associated with these claims. She fails to state any elements of the claims or any facts supporting the allegations, and as a result, her complaint fails "to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

Accordingly, the defendant Wal-Mart's motion to dismiss is well taken and should be granted. A separate order in accordance with this opinion will issue this day.

This 28th day of September, 2021.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE