**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**KENYADA BROOKS**                                            **PLAINTIFF**

**V.**                              **CIVIL ACTION NO: 3:20-CV-321-NBB-JMV**

**CITY OF OLIVER BRANCH, MISSISSIPPI
POLICE DEPARTMENT, AND
MAYOR SCOTT PHILIP**                                      **DEFENDANTS**

**ORDER**

This matter is before the court on the motion of the Defendants, City of Olive Branch, Mississippi[1] and Olive Branch Mayor Scott Phillips[2] (collectively the "Olive Branch Defendants"), pursuant to FED. R. CIV. P. 26(a)(2) and L.U. CIV. R. 26(a)(2) for an order striking Plaintiff's Expert Designation [29]. The motion has not been opposed. As explained below, the motion is granted.

The docket in this case reveals the Case Management Order [21] required the Plaintiff to designate any experts by November 29, 2021, and Uniform Local Rule 26(a)(2) further required the Plaintiff to file a Notice of Service of Expert Disclosure with the Court and serve the full and complete disclosure on all counsel of record by the time specified in the case management order. The Plaintiff mailed her expert designation to the Court on November 29, 2021, but did not file her expert designation with the court until December 2, 2021.

The Olive Branch Defendants assert that Plaintiff also failed to serve counsel of record for the Olive Branch Defendants, but instead served a document identical to the one received by the Court directly to Olive Branch City Hall, which was received on December 3, 2021.

---

[1] According to the Defendants the proper party is City of Olive Branch, Mississippi, who was erroneously named and served as Oliver Branch, Mississippi Police Department.

[2] According to the Defendants, the proper party is former Olive Branch Mayor Scott Phillips, who was erroneously named and served as Mayor Scott Philip.

In addition, and more significantly in the court's view, Plaintiff's expert designation only lists the name and contact information of neurologist Michael T. Happel, MD, without a designation of what capacity Plaintiff is offering Dr. Happel, and either a written report prepared and signed by the specially retained witness or, if the witness is not a witness required to submit a written report, a summary of the facts and opinions to which the witness is expected to testify as required under the applicable rules.

In short, the Olive Branch Defendants argue that Plaintiff's expert designation should be stricken because it was filed late, improperly served, and failed to provide full disclosure information required by Federal Rule of Civil Procedure 26(a)(2) and Uniform Local Rule 26(a)(2).

The court notes, as referenced above, the *pro se* Plaintiff has not filed any opposition to the motion to strike which is now ripe, nor has Plaintiff requested additional time to do so. Because the designation itself is so deficient in terms of the required information to be disclosed regarding the expected expert testimony, the court finds that it is unfairly prejudicial to Olive Branch Defendants and will strike it as made. Provided however, any party may seek, for good cause shown, a motion for additional time to properly perform its obligations.

**WHEREFORE**, the Olive Branch Defendants' Motion to Strike Plaintiff's purported expert designation is granted.

**SO ORDERED** this, the 5th day of January, 2022.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**